UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
**BEN-SIYON ISH YERUSHALAYIM,** *et al.*,

                          Plaintiffs,

          – against –

**DR. MORDECHAI LIECTHUNG,** *et al.*,

                        Defendants.
--------------------------------------------------------------- X

NOT FOR PUBLICATION

**MEMORANDUM
DECISION & ORDER**
19-CV-4101 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

On June 28, 2019,[1] the *pro se* plaintiff, Ben-Siyon Ish Yerushalayim, commenced this

action alleging violations of the Federal Trade Commission Act, 15 U.S.C. § 45, Fourth

Amendment unreasonable seizure under 42 U.S.C. § 1983, as well as state law claims for assault,

battery, and breach of fiduciary duty. The Court grants the plaintiff's request to proceed *in*

*forma pauperis*. For the reasons that follow, the plaintiff's claims are dismissed, except for his

Fourth Amendment claims against Police Officers "A" and "B" and EMS technicians Timur

Chernichkin and Vincent Mazzarella.

## BACKGROUND

The plaintiff's lawsuit is premised on his attempt to seek dental treatment from Dr. Tal J.

Lebel and from a police interaction at the dental clinic. (ECF No. 2 ¶ 12.) He alleges that he and

his co-plaintiffs, Raizel Brasch-Yeruschalayim and Abraham Hayyim David Brasch-

Yeruschlayim, were long-time patients of Dr. Lebel's Brooklyn dental practice.[2] (*Id.* ¶ 5.)

However, when Dr. Lebel sold his practice to Dr. Mordechai Liechtung under a contract that the

plaintiff describes as "legally dubious" (*Id.* ¶ 8), the relationship began to deteriorate.

---

[1] The case, originally commenced in the United States District Court for the Southern District of New York, was transferred to this Court on July 16, 2019. (ECF No. 4.)

[2] The plaintiff alleges that the Brooklyn dental practice was named "Dental Land" at the time of the events alleged in the complaint, but has since been renamed to Avenue U Dental Arts. (*Id.* ¶ 6.)

For example, Dr. Lebel began splitting his time between his old office in Brooklyn and a new office in New Jersey, and the plaintiffs were unable to obtain prompt treatment, in breach of the doctor's fiduciary duty. (*Id.* ¶¶ 6, 8, 9.) The doctors delayed dental care until they obtained pre-payment, which the plaintiff claims is a violation of the Federal Trade Commission Act, 15 U.S.C. § 45. (*Id.* ¶ 16.) When the plaintiff did get treatment, Dr. Liechtung and his staff subjected him to "useless and uncalled for x-rays[,]" which the plaintiff characterizes as assault and battery. (*Id.* ¶¶ 26, 29.)

The plaintiff also alleges that on June 28, 2017, while Dr. Lebel was examining him, an office site-manager brought two police officers to the treatment room. (*Id.* ¶¶ 50, 57.) The police officers accused the plaintiff of trespassing (*Id.* ¶ 61), and the plaintiff agreed to leave the office if he could speak to Dr. Lebel later that day. (*Id.* ¶ 66.) When the plaintiff returned with his son about an hour later (*Id.* ¶ 67), the two police officers also returned with an ambulance. (*Id.* ¶ 68, 69.) The police officers told the plaintiff that he needed to go to the hospital. (*Id.* ¶ 69.) The plaintiff followed the officers' direction, and two EMS technicians, Timur Chernichkin and Vincent Mazzarella, transported the plaintiff to Maimonides Medical Center. (*Id.* ¶ 69.) The plaintiff was permitted to leave the hospital as soon as he arrived, and before he was signed in for evaluation. (*Id.* ¶ 74.) The plaintiff alleges that neither the police nor the EMS technicians followed "any legitimate protocol" and failed to "make an independent assessment of" the plaintiff's psychiatric state. (*Id.* ¶ 73.)

## LEGAL STANDARD

Because the plaintiff is proceeding *pro se*, the complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant* #1, 537 F.3d 185,

191–93 (2d Cir. 2008). I read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint at the pleadings stage. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Liberally construing the complaint, the plaintiff alleges violations of the Federal Trade Commission Act, 15 U.S.C. § 45, Fourth Amendment unreasonable seizure under 42 U.S.C. § 1983, as well as state law claims for assault, battery, and breach of fiduciary duty.

## I.  Proposed Class Action

As an initial matter, the plaintiff, who is not an attorney, cannot bring a class action or represent other individual plaintiffs. Although parties have a statutory right to "plead and conduct their own cases," 28 U.S.C. §1654, unlicensed laypersons may not "represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal

quotation marks omitted); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). The complaint names three plaintiffs – Ben-Siyon Ish Yerushalayim, Raizel Brasch-Yerushalayim, and Abraham Hayyim David Brasch-Yerushalayim – as well as "(potentially) all similarly situated patients." (ECF No. 2 at 1.) However, the complaint and the *in forma pauperis* application are signed only by Ben-Siyon Ish Yerushalayim. Ben-Siyon Ish Yerushalayim cannot represent anyone other than himself. Accordingly, I will review this action with Ben-Siyon Ish Yerushalayim as the sole plaintiff.

## II.    The City and EMS Defendants

The plaintiff's Fourth Amendment claims against Mayor Bill de Blasio and New York City Commissioner of Emergency Management Joseph Esposito are dismissed for failure to state a claim; the plaintiff's Fourth Amendment claims against EMS technicians Timur Chernichkin and Vincent Mazzarella, and Police Officers "A" and "B" may proceed at this time.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Ostroski v. Town of Southhold*, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) (citing *Baker v. McCollan,* 443 U.S. 137, 145 n.3 (1979)). The challenged conduct must (a) be attributable at least in part to action under the color of state law, and (b) deprive the plaintiff of a right guaranteed under the Constitution of the United States. *Id.* (citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)). A defendant's personal involvement in the alleged constitutional deprivation is a prerequisite to an award of damages under Section 1983. *See Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d

4

Cir. 2006)). The statute does not provide for *respondent superior* liability. *See Iqbal*, 556 U.S. at 676.

The plaintiff's complaint names Mayor Bill de Blasio and New York City Commissioner of Emergency Management Joseph Esposito as defendants, but contains no allegations that indicate their direct involvement with, knowledge of, or responsibility for the alleged deprivation of the plaintiff's civil rights. *See Blackson v. City of New York*, No. 14 Civ. 452, 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims where the plaintiff made "no specific allegations" about the defendants' conduct apart from naming them as defendants); *see also Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order) (Section 1983 complaint that does not allege a defendant's personal involvement fails as a matter of law). Thus, the plaintiff's claims against Mayor de Blasio and Commissioner Esposito are dismissed.

The plaintiff also names two unidentified police officers and two EMT technicians, Timur Chernichkin and Vincent Mazzarella, as defendants. (ECF No. 2 ¶¶ 1c-1h.) He alleges that on June 28, 2017, the officers called an ambulance to remove the plaintiff from the dental clinic. (*Id.* ¶¶ 68-69.) The EMS technicians transported the plaintiff to the hospital. (*Id.* ¶ 69-71.) The plaintiff alleges that neither the police nor the EMS technicians followed "any legitimate protocol" and failed to "make an independent assessment of" the plaintiff's psychiatric state before transporting him to a hospital, thus violating his civil rights. (*Id.* ¶ 73.) The plaintiff was permitted to leave the hospital as soon as he arrived, before he signed in, and without evaluation. (*Id.* ¶ 74.)

The Court will permit the plaintiff's claims against the two police officers and the EMS technicians to proceed at this time. Since the police officers' identities currently are unknown, Corporation Counsel of the City of New York is directed to ascertain the officers' full names

and addresses and provide the information to the plaintiff so that the officers may be properly served.[3] *See Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (directing trial court to, among other things, enlist the City's assistance in clarifying a plaintiff's complaint).

## III.    The Dental Defendants

The Court lacks subject matter jurisdiction over the plaintiff's claims against Dr. Liechtung, Avenue U Dental Arts, Inc., Attorney John Joe A, "Milana," "Bridget," Dr. Lebel, Attorney John Doe B, and Dr. Lichetung's unidentified associates. A federal court has subject matter jurisdiction only if the action presents a federal question pursuant to 28 U.S.C. § 1331, or if there is diversity jurisdiction – claims "between parties of diverse citizenship that exceed[ ] the required jurisdictional amount, currently $75,000" – pursuant to 28 U.S.C. § 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

The plaintiff's federal cause of action for violation of the Federal Trade Commission Act is dismissed for failure to state a claim. The FTC Act does not provide a private right of action. *See* 15 U.S.C. § 45(a)(2) ("The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations . . . from using . . . unfair or deceptive acts or practices in or affecting commerce."); *Naylor v. Case & McGrath, Inc.,* 585 F.2d 557, 561 (2d Cir. 1978) ("[I]t is clear that no private right of action arises under that Act," referring to the FTC Act, 15 U.S.C. § 45(a)(1)); *Alfred Dunhill Ltd. v. Interstate Cigar Co.,* 499 F.2d 232, 237 (2d Cir. 1974)

---

[3] This order merely provides a means by which the plaintiff may name and properly serve the defendant police officers; it does not require that Corporation Counsel defend or indemnify these individuals at this time.

("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Oliver v. U.S. Bancorp*, No. 14-CV-8948, 2015 WL 4111908, at *6 (S.D.N.Y. July 8, 2015) ("Notwithstanding plaintiffs' conclusory reference to the FTC Act, it is well settled that there is no private right of action under the statute.") (citing *Alfred Dunhill Ltd.*, 499 F.2d at 237). Thus, the plaintiff's claims for violations of the FTC Act are dismissed for failure to state a claim.

The Court does not have diversity jurisdiction and declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims for assault, battery, and breach of fiduciary duty against the dental defendants. The plaintiff provides a New York address for Dr. Liechtung and his staff. (ECF No. 2 ¶ 1a.) Since the plaintiff is a citizen of New York (*Id.* ¶ 1), the parties lack complete diversity with the defendants. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.,* all plaintiffs must be citizens of states diverse from those of all defendants."). Additionally, the plaintiff's claims against the dental defendants – for inappropriate x-rays and breach of fiduciary duty – are completely severable from the police officers' and EMS technicians' alleged unconstitutional seizure. *See Shahriar v. Smith & Wollensky Rest. Grp, Inc.* 659 F.3d 243, 245 (2d Cir. 2011) (citations omitted) (Supplemental jurisdiction over state law claims is permitted when the claims "derive from a common nucleus of operative fact."); *see also O'Diah v. New York City*, No. 02-CIV-274, 2002 WL 1941179, at *15 (S.D.N.Y. Aug. 21, 2002) ("[A] district court is not required to retain jurisdiction over remaining state law claims"). Thus, the plaintiff's remaining state law claims are dismissed without prejudice.

## CONCLUSION

For the reasons explained above, the complaint, filed *in forma pauperis*, is dismissed against all the defendants except the two unidentified police officers and EMS technicians Timur Chernichkin and Vincent Mazzarella. Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1915(e)(2)(B). All further proceedings are stayed for 45 days to allow Corporation Counsel to provide the information necessary to serve the police officers. The Clerk of Court is respectfully directed to send a copy of this order and the plaintiff's complaint to Corporation Counsel of the City of New York, Special Federal Litigation Division. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge


Dated: Brooklyn, New York
     August 13, 2019