UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BEN-SIYON ISH YERUSHALAYIM,

                Plaintiff,                         **REPORT AND RECOMENDATION**
                                                                      **19 CV 4101 (RPK)(LB)**

   -against-

POLICE OFFICER EUGENE RADASHKOVSKIY,
POLICE OFFICER JAMES KELLEHER, EMS
TECHNICIAN TIMUR CHERNICHKIN, and
EMS TECHNICIAN VINCENT MAZZARELLA,

                Defendants.
------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

    *Pro se* plaintiff has failed to appear at two Court-ordered conferences in this matter and has not contacted the Court or defendants' counsel to request an adjournment or to explain his absences. When plaintiff failed to appear on November 17, 2020, I ordered him to show good cause for his failure to appear, scheduled another conference on December 22, 2020, and warned plaintiff that if he failed to timely appear on the new date as ordered, I would recommend that his case should be dismissed. Nonetheless, plaintiff failed to appear on the new date as ordered. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed this action in the Southern District of New York on June 28, 2019. ECF No. 1. The complaint alleges that on June 28, 2017, defendants violated his rights by transporting him from his dentist's office to Maimonides Medical Center for a psychiatric evaluation. On July 16, 2019, the case was transferred to the Eastern District of New York. On August 13, 2019, the complaint was dismissed against all defendants except for the two unidentified police officers and

two EMS technicians. The Court directed the Office of Corporation Counsel ("the Office") to provide the information necessary to identify and serve the defendants. ECF No. 6.

The Court mailed a copy of its August 13, 2019 Order to plaintiff, but the mail was returned as undeliverable. On September 24, 2019, the Court ordered plaintiff to provide an address where he could receive mail by October 25, 2019. On November 7, 2019, only when defendants filed a motion to dismiss for lack of prosecution, did plaintiff file a notice of change of address. ECF Nos. 11-12. In light of plaintiff's letter with a new address, the Office withdrew defendants' motion to dismiss and requested an extension of time to comply with the Court's Valentin Order. By January 13, 2020, the Office had provided the names and service addresses for all defendants, ECF Nos. 15, 18, and on March 3, 2020, proof of service of the summons and complaint on all defendants was filed, ECF Nos. 21-24.

On April 16, 2020, the Court held the initial conference by telephone in this case and granted plaintiff leave to file an amended complaint by June 30, 2020. ECF No. 30. On July 30, 2020, the Office reported that plaintiff still intended to file an amended complaint but required more time to do so. ECF No. 31. The Court *sua sponte* extended plaintiff's time to file his amended complaint until September 30, 2020. ECF No. 32. When plaintiff failed to file his amended complaint by the extended deadline, the Court directed defendants to respond to plaintiff's original complaint. ECF No. 37. Defendants filed their answer, ECF No. 36, and the Court scheduled a telephone status conference for November 17, 2020.

On November 17, 2020, defendants' counsel appeared promptly at 11:00am; however, plaintiff failed to appear. The Court scheduled another conference for December 22, 2020, ordering plaintiff to timely appear and to show good cause why he did not appear at the November

2

17, 2020 telephone conference. The Court further warned plaintiff that if he failed to appear again, the Court would recommend that his case be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v).

On December 22, 2020, defendants' counsel promptly appeared at 10:00am, prepared to proceed, and waited on the line with the Court for over 20 minutes, but plaintiff again failed to appear. Defendants' counsel reported that she had sent plaintiff an email that morning to remind him regarding the conference and the email provided plaintiff the call-in number and access code. Plaintiff did not request an adjournment of either the November 17, 2020 or December 22, 2020 conference.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff has failed to appear at two Court-ordered conferences. When plaintiff failed to appear for the November 17, 2020 conference, the Court made sure that its order was sent to plaintiff at the most recent address he provided to the Court. The Court's Order clearly warned plaintiff that if he failed to timely appear for the December 22, 2020 conference without notice to

3

defendants' counsel or the Court, I would recommend that this case should be dismissed. Despite this explicit warning, plaintiff failed to appear for this second Court-ordered conference. Moreover, plaintiff has failed to contact the Court. The Court need not afford plaintiff unlimited opportunities to appear in this action.

Earlier in this case, before the pandemic, plaintiff "disappeared" and failed to provide his contact information to the Court until defendants moved to dismiss the action for failure to prosecute. Now, defendants' counsel has timely appeared for two conferences and has waited for plaintiff to appear. Plaintiff has apparently decided to abandon this action. The Court should not require defendants to continue the lawsuit despite the plaintiff's repeated failures to comply with the Court's orders. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital

Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); see <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

                                             /S/  
                                      LOIS BLOOM  
Dated: December 22, 2020             United States Magistrate Judge  
       Brooklyn, New York